IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00104-RLV
(5:06-CR-00042-RLV-1)

| | |
|---|---|
| DONTA MIGUEL MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be DISMISSED.

## I. BACKGROUND

On May 13, 2008, Petitioner was convicted of two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and he was sentenced to 293-months imprisonment on each count with the terms to run concurrently. (5:06-CR-00042, Doc. No. 19: Judgment in a Criminal Case at 1-2). Petitioner filed a direct appeal from this criminal judgment to the United States Court of Appeals for the Fourth Circuit which was dismissed pursuant to Rule 42(b) of the Federal Rules of Criminal Procedure. (Doc. Nos. 17, 25). Petitioner's judgment became final in September 2008.

On July 16, 2012, Petitioner filed the instant Section 2255 motion challenging his criminal judgment on the basis of the Supreme Court's opinion in Carachuri-Roseno v. Holder, 130 S. Ct. 2577 (2010), filed June 14, 2010, and the Fourth Circuit's opinion in United States v.

1

Simmons, 649 F.3d 237 (4th Cir. 2011), an en banc decision filed August 17, 2011. Petitioner contends that prior felony convictions no longer support the two counts of possession of a firearm by a convicted felon in light of Carachuri-Rosendo and Simmons.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the claims in Petitioner's Section 2255 motion can be resolved without an evidentiary hearing based on the court record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

It does not appear from the record that Petitioner filed a petition for a writ of certiorari with the Supreme Court following the Fourth Circuit's dismissal of his appeal. Petitioner's criminal judgment therefore became final in September 2008. Petitioner contends that his motion is timely under § 2255(f)(4) because of the "fact" of the opinions in Carachuri-Rosendo and Simmons. This argument must fail.

The Fourth Circuit has recently explained the impact of the decisions in Carachuri-Rosendo and Simmons to cases on collateral review. Namely, that these decisions do not apply retroactively in a collateral proceeding which challenges a criminal judgment. In United States v. Wheeler, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished), the Court explained that a "claim for retroactive application of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012)." See also United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").

As Petitioner's criminal judgment was final in 2008, his Section 2255 motion is untimely and will be dismissed.

### IV.　CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as untimely. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 3, 2013

Richard L. Voorhees
United States District Judge